FILED
MAR 25 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. 08MJ8237 |
| Plaintiff, ) | |
| v. ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| Homero ESQUIVEL-Angel (4), ) | |
| Defendant. ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on March 20, 2008, to determine whether defendant Homero ESQUIVEL-Angel should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Court-appointed counsel Robert Llewellyn Swain appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the amended criminal complaint issued against the Defendant on March 17, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

## FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

    1. The Defendant is charged in Criminal Complaint No. 08MJ8237 with the importation of 934.72 kilograms (2062.98 pounds) of marijuana in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

    2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C. § 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u> 18 U.S.C. § 3142(e).

    3. The offense carries with it a minimum mandatory 5-year sentence and a maximum 40 years. <u>See</u> 21 U.S.C. § 960(b)(2)(B). According to the United States Sentencing Guidelines, the Base Offense level is 30. <u>See</u> USSG § 2D1.1. Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>see</u> USSG § 4A1.1, the sentencing range for the Defendant is 97-121 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):</u>

    1. Defendant ESQUIVEL aided in the movement of 934.72 kilograms (2062.98 pounds) of marijuana by opening the gate at 271 East Evan Hewes to admit accomplice Defendant AISPURO.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):</u>

    1. The Defendant is a citizen of Mexico.

    2. The Defendant resides in Michoacan, Mexico.

    3. The Defendant is an undocumented Mexican Citizen with no legal right to remain, enter, or work in the United States.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):</u>

    1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in the Criminal Complaint No. 08MJ8237, to wit: the importation of 934.72 kilograms (2062.98 pounds) of marijuana in violation of 21 U.S.C. § 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///
///
///
///
///
///
///
///
///

1   While in custody, upon order of a court of the United States or upon the request of an attorney
2   for the United States, the person in charge of the correctional facility shall deliver the Defendant to the
3   United States Marshal for the purpose of an appearance in connection with a court proceeding or any
4   other appearance stipulated to by defense and government counsel.

5   THIS ORDER IS ENTERED WITHOUT PREJUDICE.

6   IT IS SO ORDERED.

7   DATED: March 25, 2008.

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

12  Prepared by:

13  KAREN P. HEWITT
    United States Attorney

15
16  JOHN F. WEIS
    Assistant U. S. Attorney

17  cc:   Robert Llewellyn Swain
18        Counsel for Defendant

4